# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Jun 04, 2020
s/ JeremyHeacox
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| United States of America<br>v.<br>Tyshaun T. Smith (DOB: XX/XX/1994)<br><br>_____<br>*Defendant(s)* | )<br>)<br>)  Case No. **20-M-308 (SCD)**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __Sunday, May 31, 2020__ in the county of __Milwaukee__ in the __Eastern__ District of __Wisconsin__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 844(i) | attempted arson of property used in or affecting interstate commerce |
| 26 U.S.C. 5861(c) | possession of a firearm, a destructive device, made in violation of the National Firearms Act |

This criminal complaint is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Luke Barker, Special Agent
*Printed name and title*

Sworn to before me and signed telephonically

Date: 06/04/2020

_____
*Judge's signature*

City and state: Milwaukee, Wisconsin

Stephen Dries, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT**

I, Luke Barker, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit for the limited purpose of establishing probable cause for the issuance of a criminal complaint and arrest warrant charging defendant Tyshaun T. Smith (DOB: XX/XX/1994) with attempted arson of property used in and affecting interstate commerce, in violation of Title 18, United States Code, Section 844(i), and possession of a firearm, a destructive device, made in violation of the National Firearms Act (NFA), in violation of Title 26, United States Code, Sections 5861(c), 5845(a), and 5845(f).

2. I am a Special Agent of the U.S. Department of Justice's Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed since November 2015. My duties as a Special Agent with the ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

3. I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center in Glynco, Georgia. I have also completed training at the ATF National Academy. That training included various legal courses related to constitutional law, search and seizure authority, and specific training on explosives and arson investigations. Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection. As a Special Agent with the ATF, I have responded to numerous fire scenes and been involved in multiple arson investigations. I have also received additional fire investigation training, including training at the Wisconsin International Association of Arson Investigators' 2019 annual conference. Before

1

joining the ATF, I served for nearly eight years as a police officer with the Aurora Police Department in Aurora, Colorado.

4. The facts in this affidavit come from interviews of citizen witnesses, official records, law enforcement reports, and information provided to me by other federal, state, and local law enforcement officers, all of whom I believe to be reliable. This affidavit is intended to show simply that there is sufficient probable cause for the requested criminal complaint and arrest warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

5. In conjunction with other federal, state, and local law enforcement officers, I am conducting an investigation into an arson that occurred on Sunday, May 31, 2020, at the Boost Mobile store, located at 949 North 27th Street, Milwaukee, Wisconsin 53208. At the time, the Boost Mobile store was a commercial property used in and affecting interstate commerce.

6. At about 11:03 p.m. that night, officers of the Milwaukee Police Department were dispatched to a 911 call for an entry at the Boost Mobile store. The storeowner had called 911 to report that he was remotely watching, via video surveillance, a person break the glass window of his store and people trying to get through the metal gates.

7. Several minutes later, Officer Yang Lee arrived in a marked police car and observed three people standing next to a broken window outside of the Boost Mobile store. He observed a man, later identified as Tyshaun T. Smith, holding an object on fire—commonly known as a Molotov cocktail. Officer Lee then saw Smith throw the Molotov cocktail into the store.

8. Smith and the others then fled on foot and continued running despite Officer Lee's orders to stop. Smith finally tripped and fell, at which point Officer Lee pulled out his taser and ordered him not to move. Officer Austin Domagalski then handcuffed Smith. While still on the

2

ground, Smith told the officers that he had a gun in his right pocket. Officer Domagalski recovered a loaded firearm from Smith's front right pants pocket.

9. Back at the Boost Mobile store, Officer Matthew Link observed that the Molotov cocktail was actively burning next to a display case. Officer Link crawled under the metal security gate and extinguished the fire with a fire extinguisher. Officer Link observed that the Molotov cocktail's clear glass bottle contained a liquid with a fabric cloth in the mouth of the bottle.

10. Police later recovered the Molotov cocktail—made out of an Everfresh Tropical Fruit Punch glass bottle and a white towel with burned ends soaked in gasoline—from the store. Police also took a black hooded sweatshirt and black gloves, which were coated in gasoline, from Smith's person. Detective Steven Jegen noted that the white towel, the black hooded sweatshirt, and the black gloves all had an odor of gasoline.

11. The next day, Officer Shaletta Whiters interviewed Smith. After waiving his rights, Smith said that he was looking on Facebook and observed riots taking place in the Milwaukee area. He became enraged and felt like he needed to do something about it. He walked down 27th Street until he arrived at the Boost Mobile store with a Molotov cocktail in hand. Smith admitted that he threw the Molotov cocktail through the window of the Boost Mobile store, and said that he ran when he saw the police officers approaching, until he tripped on the sidewalk. Smith also admitted that he had a gun—a black Taurus PT709 Slim 9mm pistol—concealed in his right pocket. Smith said that he decided to throw the Molotov cocktail, because he wanted to stand for something.

12. Based on my training and experience, I know that the ATF's Explosives Enforcement Branch has previously determined that a Molotov cocktail, consisting of a glass bottle filled with a quantity of ignitable liquid and an improvised wick inserted into the neck of the bottle

3

as an ignition device, is properly identified as an "incendiary bomb" and is a "destructive device" as that term is defined in Title 26, United States Code, Section 5845(f). I also know that a "destructive device" is a firearm subject to the National Firearms Act, which must be registered in the National Firearms Registration and Transfer Record.

13. Based on my review of the descriptions and photographs, I believe that the Molotov cocktail used by Smith is a "destructive device" as that term is defined in Title 26, United States Code, Section 5845(f), and, therefore, a firearm made in violation of the National Firearms Act. A towel was inserted into the glass bottle with half of the towel sticking out of the mouth of the bottle, and the half sticking out appeared to have burn marks. The bottle and towel were lying on its side, and the ground beneath the towel appeared to be wet. I have provided a photograph of the Molotov cocktail at the crime scene below.



14. Based on the information and facts above, I submit that there is probable cause to believe that Tyshaun T. Smith has violated Title 18, United States Code, Section 844(i), and Title 26, United States Code, Sections 5861(c), 5845(a), and 5845(f), all in the Eastern District of Wisconsin.

4